UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TEAMSTERS LOCAL 639-EMPLOYERS HEALTH TRUST AND ITS TRUSTEES, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 10-964 (ESH) |
| LORENZO DAVIS , | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

In this case brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145, plaintiffs Teamsters Local 639-Employers Health Trust ("Health Trust") and its trustees seek legal and equitable relief against defendant Lorenzo Davis, a participant in the Health Trust. The Clerk of Court has entered a default against defendant, and before the Court is plaintiffs' motion for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons stated herein, that motion will be granted and a default judgment entered.

### BACKGROUND

On November 11, 2008, defendant and his wife were injured by a third party in an automobile accident. (Compl. ¶ 15.) As a result of the accident, defendant and his wife required medical care, and to pay for their expenses, defendant submitted an executed claim form to the

Health Trust.[1] (*Id.* ¶ 16.) Pursuant to the Health Trust's policy, it provided defendant with a Subrogation Agreement to be executed before the Health Trust made any payments. (*Id.*) On November 19, 2008, defendant signed the Subrogation Agreement, which provided that if defendant or his dependent(s) recovered money from a third party who is or may be liable for the injuries caused in the accident, defendant and/or his attorney would hold the money in a constructive trust for repayment of any benefits advanced by the Health Trust. (*Id.* ¶ 17, Ex. 3.)

According to the complaint and an affidavit submitted by Denelle Araujo, the Health Trust's Subrogation Coordinator, Health Trust advanced $22,748.06 in loss-of-time and medical benefits related to the injuries sustained by defendant and his wife in the November 11, 2008 accident. (*Id.* ¶ 21; Aff. of Denelle Araujo ["Araujo Aff."] ¶ 6.) On February 25, 2010, defendant contacted Araujo and informed her that he had received a settlement related to the accident and that a portion of the settlement had been disbursed to his attorney for payment of attorneys' fees and for reimbursement of the Health Trust. (Compl. ¶ 22.) However, the Health Trust has not received any payments from Mr. Davis or his attorney, and when contacted, defendant's attorney informed the Health Trust that he had been discharged as defendant's attorney prior to the negotiation of any settlement and that he had not received any payment from defendant. (Pls.' Mem. in Supp. of Mot. for Def. J., and Attorneys' Fees and Costs ["Mot."] at 3.)

---

[1] Defendant is an employee of Washington Wholesale Liquors Company, LLC, a contributing employer of the Health Trust. (Compl. ¶ 8.) Under the terms of its collective bargaining agreement with Teamsters Local 639, Washington Wholesale Liquors Company, LLC, is required to make contributions to the Health Trust on defendant's behalf. (*Id.*) As a result of these contributions, defendant and his dependants are eligible for benefits from the Health Trust. (*Id.*)

On June 9, 2010, plaintiffs filed a complaint against defendant under 29 U.S.C. § 1132(a)(3)[2/] to enforce the terms of the Health Trust and the Subrogation Agreement.[3/] Defendant was served with the complaint on July 15, 2010, but he has failed to answer or otherwise defend this action. The Clerk of Court entered default on August 18, 2010. Pursuant to the Court's August 17, 2010 Order directing plaintiffs to move for entry of judgment, plaintiffs have moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). As of the date of this Memorandum Opinion, defendant has not entered an appearance nor filed any pleadings in this case.

## DISCUSSION

Plaintiff asks the Court to enter a default judgment against defendant and in favor of plaintiffs in the amount of $24,845.81, which includes $22,748.06 in benefits received by defendant from the Health Trust, as well as $1,747.75 in attorneys' fees and $350.00 for costs. (Mot. at 5; Araujo Aff. ¶ 6; Decl. of Richard C. Welch ["Welch Decl."] ¶ 4.) In support of its motion, plaintiff filed a declaration from Richard C. Welch, an attorney representing plaintiff, attesting to the fees incurred by plaintiff in pursuing this matter. (Welch Decl. ¶¶ 3-4.) Plaintiff has also submitted the affidavit of Denelle Araujo, who is responsible for administering the subrogation liens held by Health Trust, which includes a copy of Ms. Araujo's records as to the

---

[2/] ERISA permits a fiduciary of an employee benefit plan to bring a civil action to "obtain other appropriate equitable relief . . . to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3).

[3/] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1) and (f), 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(C).

care provided to defendant and his wife. (Araujo Aff. ¶ 1, Ex. 5.)

When a default has been entered by the Clerk, a court may enter a default judgment pursuant to Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2).[4] A court has the authority to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Courts strongly favor resolution of disputes on their merits, but default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, at 835-36 (D.C. Cir. 1980) (internal quotations omitted). A default judgment is warranted if defendant is a "totally unresponsive" party and its default is plainly willful, as reflected by its failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for

---

[4] Rule 55(b)(1) provides that the Clerk can enter a default judgment:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

4

default judgment has been satisfied." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotation marks omitted). This is not a case where the application for default should be denied because "the allegations of the complaint, even if true, are legally insufficient to make out a claim." *Gutierrez*, 2000 WL 331721, at *2. Finally, no hearing is needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Plaintiff seeks default judgment in the amount of $24,845.81 ($22,748.06 in benefits received by defendant from the Health Trust as well as $1,747.75 in attorneys' fees and $350.00 for costs). (Mot. at 5.) Plaintiff has provided detailed affidavits and documentary evidence to support its motion, which the Court finds sufficient to prove its entitlement to the requested damages. *See Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (in moving for default judgment, plaintiff "must prove its entitlement to the requested damages," but in deciding the motion, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment"). Accordingly, the Court finds that plaintiff is entitled to a default judgment against defendant and will enter it in the amount of $24,845.81.

## CONCLUSION

For the reasons set forth above, the Court will grant plaintiff's motion for default judgment. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 9, 2010